### In re J. W. LAVERY & SON.

#### (District Court, D. Massachusetts. July 23, 1917.)

#### No. 20338.

1. BANKRUPTCY ⊚⟹98—PETITION TO REVIEW—FINDINGS OF REFEREE.
   Where the evidence is not reported, a finding by the referee on the facts is conclusive on the court of bankruptcy.

2. BANKRUPTCY ⊚⟹95—PROCEEDINGS—REPORT OF REFEREE.
   An involuntary petition in bankruptcy was contested, and at a hearing before a special master to state the facts it appeared that the petitioning creditor had recovered judgment against the bankrupt in the state court, which had been satisfied. The referee suspended the hearing and filed a preliminary report, in effect requesting instruction whether to proceed. The case was returned to him for further hearing and report, and the petitioning creditor offered no further evidence, whereupon the referee filed a report, stating there was no evidence of insolvency and that he found the alleged bankrupt was not insolvent. *Held*, that under the circumstances, and in the absence of a report of any evidence heard by the referee, such report was justified, and the involuntary petition in bankruptcy will be dismissed.

In Bankruptcy. In the matter of the involuntary petition against J. W. Lavery & Son, alleged bankrupts. On objections to the report of the referee finding that the alleged bankrupts were not insolvent. Report confirmed, and petition dismissed, with costs.

See, also, 235 Fed. 910.

Stoneman, Gould & Stoneman, of Boston, Mass., for petitioners.
Dolan, Morson & Stebbins, of Boston, Mass., for alleged bankrupts.

MORTON, District Judge. This is an involuntary petition in bankruptcy. The respondents answered under oath, denying that they were insolvent, that they had committed the acts of bankruptcy alleged, or that the petitioners were creditors, and the case was referred to Referee Warner as special master to state the facts.

At the hearing before him (which was not until a considerable time after the proceedings had been instituted), it appears that, subsequent to the filing of the petition, the principal petitioning creditor had sued the respondents in the state court upon the claim stated in the petition, and had recovered judgment thereon, and that the judgment had been satisfied. The learned referee suspended the hearing and filed a preliminary report, in effect asking for instructions whether to proceed. By order of court the case was sent back to him for further hearing and report, either from evidence submitted by the parties, or upon

such investigation as he himself might think it advisable to make, whether the respondents were insolvent as alleged in the petition.

Under this order the referee notified the attorneys for the petitioners that he was ready to proceed with the hearings, and was informed by them that the petitioners did not intend to offer any evidence, nor desire to be further heard. The referee thereupon filed the present report, in which, after stating that no evidence was produced to sustain the allegations of insolvency, he concluded: "And I therefore find the alleged bankrupts were not insolvent."

The only question now raised is whether this finding is proper and justified. The petitioners contend that the referee should have gone no further than to state that there was no evidence that the respondents were insolvent. It is extremely doubtful whether there is any legal difference between the report as it stands and the language which the petitioners contend should have been used. As to what took place there is no dispute. The legal effect of it is probably the same, however it may be described.

[1, 2] The order under which the referee acted in making the present report was for "further hearing." He was proceeding with a case already opened and partially heard. What was done amounted to setting the case for hearing, and a failure by the petitioners either to appear at the appointed time or to take steps to dismiss the petition of their own accord. When they notified the referee that they did not desire to go on with the matter, he was justified in interpreting their conduct in the light of such facts as had appeared at the previous hearing, and such other facts (e. g., the long time that the petition had been pending, the failure of other creditors to intervene, and the fact that a judgment of substantial amount had been paid by the respondents) as appeared to him significant on the question whether the respondents were in fact insolvent. On this view of the case, it is clear that the referee had the power to make an absolute finding on the merits against the petitioners, and, the evidence not being reported, that his finding is conclusive. He does not appear to have made any independent investigation.

There is doubt whether the learned referee in fact decided the case on such grounds. But, taking the bare record as it stands, viz., that the case was referred, that the hearings were begun and suspended, that a partial report was filed, that the case was recommitted, and that the petitioners declined to go on, the referee was, in my opinion, justified in reporting, not merely that there was no evidence to sustain the allegation of insolvency in the petition, but that the respondents were not insolvent.

Report confirmed; petition dismissed, with costs.